

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*

*Central Islip, New York  11722*

July 17, 2012

**By ECF**

The Honorable Arlene R. Lindsay
United States Magistrate Judge
Eastern District Of New York
814 Federal Plaza
Central Islip, NY 11722

      Re:  United States v. Donovan McKenzie
           Criminal Docket No. 11-750 (ARL)

Dear Judge Lindsay:

      By this letter, the government moves *in limine* to preclude expert medical testimony offered by the defense in the above-referenced matter for the reasons set forth below.

<u>Factual Background</u>

      The Misdemeanor Information filed in this matter arises out of an incident that occurred on December 22, 2010, between the defendant, Donovan McKenzie, an employee at the VA Hospital in Northport, New York, and a co-worker, Jane Doe.  The Complaint alleges that on the day of the incident, while at work, the defendant approached Jane Doe and indicated that he wished to speak with her concerning a conflict he, McKenzie, was having with another (third) employee.  The defendant told Jane Doe, in sum and substance, that he was incapable of threatening people, especially a woman (referring to the prior conflict with the third employee in which the defendant was alleged to have threatened that employee).  The defendant then extended his hand as if to offer to shake Jane Doe's hand.  Jane Doe extended her right hand and the defendant closed his hand around Jane Doe's hand.  The defendant immediately began to squeeze Jane Doe's hand, applying excessive pressure.  Jane Doe struggled to remove her hand from the defendant's grasp, which was quite painful.  The defendant then said, "why would I threaten a woman, see what I could do if I wanted to."  Jane Doe removed her hand from the defendant's grasp, told the defendant that she was hurt and told the defendant to get out of her office.

The defendant initially refused to leave the office whereupon Jane Doe screamed, "don't ever touch me again and get out of my office."

On November 3, 2011, an Information was filed charging the defendant with simple assault pursuant to Title 18, U.S.C., § 113(a)(5).

Thereafter, at a status conference held on June 25, 2012, the defendant advised the Court of his intent to introduce, at trial, expert medical testimony supporting his claim that he was not the cause of the injury suffered by Jane Doe or in the alternative that he did not intend to injure Jane Doe.

<u>LAW</u>

Rule 401 of the Federal Rules of Evidence states that evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.

The admissibility of expert testimony is governed by Federal Rule of Evidence 702. The rule provides:

> "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."

<u>Argument</u>

As previously noted, the defendant has advised the Court that he intends to introduce expert testimony supporting his claim that, while he did grasp Jane Doe's hand, he did not injure her nor did he have the intent to do so. In support of that argument, the defendant proffers an expert who apparently concluded that Jane Doe's injuries are chronic in nature, not acute, and thus are not a product of the defendant's actions.

The government submits that the Court should preclude the expert testimony because the proffered testimony is not relevant to the underlying charge of simple assault and will not assist the trier of fact to understand the evidence or determine a fact at issue.

In a similar case, United States v. Delis, 558 F.3d 177, 184 (2009), the Second Circuit concluded that a conviction under 18 U.S.C. § 113(a)(5) "does not require any finding of specific intent to injure." In that case, the defendant was charged and convicted of simple assault following an altercation with a flight attendant on a flight bound for John F. Kennedy airport. Id. at 178. After being informed that a particular food item was not available, the defendant began to argue with the flight attendant. Id. According to testimony from witnesses on the flight and the defendant himself, the defendant "pushed the [flight attendant's] hand," which was approximately ten inches from defendant's face, away from his face. Id. Thereafter, the defendant was restrained by another member of the flight crew and arrested when the plane landed at JFK airport. Id. At trial, the defendant argued that his actions were "consistent with an intent to get [the flight attendant's] arm out of his face and not an attempt to injur[e] or cause harm, which is a requirement for assault." Id. The Magistrate Judge rejected the argument holding that "'offensive contact' is a proper predicate for simple assault." Id. at 179.

On appeal, the Second Circuit affirmed the defendant's conviction holding that 18 U.S.C. § 113(a)(5) is akin to common-law battery and "the Magistrate Judge's finding that [the defendant] possessed the *intent to commit an offensive touching* was entirely sufficient to support the judgment of conviction." Id. at 184 (emphasis added).

Accordingly, because simple assault does not require any specific intent to injure nor any actual physical injury, and because expert testimony on this issue will not assist the Court to understand any relevant evidence or to determine any fact at issue, the expert testimony should be precluded as it would be irrelevant and improper expert testimony.

Thank you for your consideration.

                Respectfully submitted

                LORETTA E. LYNCH
                UNITED STATES ATTORNEY

By: *Lara Treinis Gatz*
     Lara Treinis Gatz
     Assistant United States Attorney
     (631) 715-7913

cc. Lauren Raysor, Esq. (by ECF)