UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

                              Plaintiff,

      -against-

DONOVAN MCKENZIE,

                              Defendant.

-----------------------------------------------------------X

MEMORANDUM AND ORDER

CR 11-0750

(Wexler, J.)

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ APR 21 2014 ★

LONG ISLAND OFFICE

APPEARANCES:

    LORETTA E. LYNCH, ESQ.
    UNITED STATES ATTORNEY, EASTERN DISTRICT OF NEW YORK
    BY:   Lara Treinis Gatz, Esq., Assistant United States Attorney
    Attorney for the Government
    100 Federal Plaza
    Central Islip, New York 11722

    HERMAN KAUFMAN, ESQ.
    BY:   Herman Kaufman, Esq.
    Attorney for Defendant
    P.O. Box 352
    Old Greenwich, CT 06870

WEXLER, District Judge:

       Following a bench trial before the Honorable Magistrate Judge Arlene Rosario Lindsay, the Defendant, Donovan McKenzie, was convicted of simple assault, in violation of 18 U.S.C. § 113(a)(5). Magistrate Judge Lindsay sentenced Defendant to two years probation and ordered him to participate in mental health counseling with anger management. A special assessment of $10 was also imposed.

-1-

On appeal, Defendant argues that his attorney's failure to call an expert witness constituted ineffective assistance of counsel, requiring a reversal of his conviction and a new trial. For the following reasons, the Court rejects Defendant's arguments and Defendant's conviction is affirmed.

## BACKGROUND[1]

The charges against Defendant stem from an incident that occurred on December 22, 2010 during the course of his employment with the Department of Veterans Affairs at the Northport VA Medical Center. (Tr. 5-6.) On that date, the Defendant entered the office of a coworker, Allison Moreno White ("White"), and began discussing an incident that had occurred with another coworker, Carol Meissner ("Meissner"), in which the Defendant was accused of threatening Meissner. (Tr. 7-8.) Defendant then extended his hand to White for what White perceived to be a handshake. (Tr. 7, 9.) White extended her hand as well, but upon grasping White's hand, the Defendant began squeezing tightly. (Tr. 7, 9, 31.) White requested that the Defendant let go of her hand, but he refused to do so. (Tr. 7.) White eventually "wrenched" her hand from the Defendant's grip, stating "Let me go." (Tr. 7.)

The Defendant then stated to White, "Why would I threaten anyone? See what I can do if I wanted to?" and "mockingly smiled and said: Does that hurt?" (Tr. 7, 9-10, 20-21.) White asked the Defendant to leave her office, but he refused to. (Tr. 8, 19.) After repeatedly asking

---

[1] When deciding an appeal from a judgment of conviction, the Court reviews the trial court's factual determinations in the light most favorable to the government. See United States v. Marquez, No. 12-cr-0376, 2013 U.S. Dist. LEXIS 145584, at *2 (E.D.N.Y. Oct. 8, 2013) (citing United States v. Gandia, 424 F.3d 255, 261 (2d Cir. 2005)).

and raising her voice, the Defendant left White's office. (Tr. 8, 20-22.) White and Meissner then went to the emergency room to have White's hand examined. (Tr. 8.) At the emergency room, White was given an x-ray and a hand brace and was instructed to have an MRI scan performed. (Tr. 10-11.) White was diagnosed as having a sprained wrist and directed to take time off from work as a result of the injury. (Tr. 32-33, 100.)

At the trial of this action before Magistrate Lindsay, another coworker, George Blydenburgh ("Blydenburgh"), testified that although he did not witness the incident firsthand on December 22, 2010, he heard White and the Defendant arguing in White's office at that time. (Tr. 52-55.) Blydenburgh then heard White scream and saw her emerge from her office, holding her hand saying "Donovan hurt me." (Tr. 39, 48, 50, 52, 55.) Blydenburgh then confronted the Defendant about the incident, asking him what he did to White. (Tr. 40, 55.) The Defendant responded that he shook White's hand. (Tr. 40.) Blydenburgh testified that when he asked the Defendant why he hurt White, the Defendant stated that he "did it as a show of strength." (Tr. 40, 55.) Blydenburgh thereafter reported the incident to the VA police. (Tr. 41, 46.)

The Defendant also testified at the trial before Magistrate Lindsay, acknowledging that he shook White's hand but denying that he applied any pressure or injured White in any way. (Tr. 68-71.) The Defendant also denied making the statement to Blydenburgh that he shook White's hand as a "show of strength." (Tr. 70-71.)

Upon the conclusion of the trial, Magistrate Lindsay found the Defendant guilty of simple assault. (Tr. 119.) The Defendant was sentenced to two years probation, ordered to participate in mental health counseling with anger management and fined a special assessment of $10. (Minute Entry of Sentencing dated July 16, 2013.) The Defendant now appeals the conviction and the

sentence imposed.

## DISCUSSION

### I. Standard of Review

Federal Rule of Criminal Procedure 58(g)(2)(B) provides the Court with jurisdiction over Defendant's appeal. When considering an appeal from a magistrate judge's judgment of conviction, "[t]he scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Marquez, 2013 U.S. Dist. LEXIS 145584, at *9 (quoting Fed. R. Crim. P. 58(g)(2)(D)). The Court reviews the questions of law de novo and "accepts the Magistrate Judge's factual determinations, unless clearly erroneous." Marquez, 2013 U.S. Dist. LEXIS 145584, at *9 (citing Gandia, 424 F.3d at 261).

### II. The Basis for Defendant's Appeal

The Defendant's appeal is premised on the grounds that he received ineffective assistance of counsel from his trial counsel in that, despite being issued an Order by Magistrate Lindsay prior to trial permitting the testimony of a defense expert who had concluded that White's wrist injury was "chronic," and therefore, sustained prior to the incident with the Defendant, trial counsel failed to call the expert to testify. (Def. Br. 2.) According to the Defendant, the expert testimony, if credited, would have negated White's claim that the Defendant's contact was "offensive." (Def. Br. 2.) The Defendant asserts that such failure by trial counsel warrants a new trial or, in the alternative, an evidentiary hearing as to whether the Defendant received effective assistance of counsel.

-4-

The Defendant, however, misapprehends the elements of a simple assault. 18 U.S.C. Section 113(a)(5) "criminalizes '[s]imple assault,' a term grounded in common law." United States v. Delis, 558 F.3d 177, 180 (2d Cir. 2009). The Second Circuit has construed simple assault to include a "completed common-law battery," id. at 181, which is defined as "'the unlawful application of force to the person of another,' including an offensive touching." Id. at 180 (citation omitted). Since common-law battery does not require a specific intent to injure, the Second Circuit has held that "conviction under § 113(a)(5) for conduct constituting common-law battery does not require any finding of specific intent to injure." Id. at 183; see also United States v. Hawkins, No. 07-CR-355, 2008 U.S. Dist. LEXIS 5366, at *11 n.4 (E.D.N.Y. Jan. 23, 2008) (finding that "neither physical injury nor intent to cause it is an element" of simple assault). Nor does a conviction for simple assault require a finding that the victim was actually injured. See United States v. Hawkins, 303 Fed. App'x 17, 18 (2d Cir. 2008) (affirming district court's conviction of simple assault).

Based on the foregoing, since neither an intent to injure nor actual physical injury is required for a conviction of simple assault, the fact that Defendant's trial counsel failed to call an expert witness to testify as to the source of White's injuries does not constitute ineffective assistance of counsel. Nor is it reversible error. All that was required to convict the Defendant was proof that he committed an offensive touching. The record supports that finding. The judgment of conviction issued by Magistrate Judge Lindsay is accordingly affirmed.

## CONCLUSION

For the foregoing reasons, Defendant's conviction for simple assault in violation of 18 U.S.C. § 113(a)(5) is affirmed.

**SO ORDERED:**

Dated: Central Islip, New York
April 21, 2014

s/ Leonard D. Wexler
LEONARD D. WEXLER
United States District Judge